

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| **LETITIA JAMES**<br>ATTORNEY GENERAL | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

October 11, 2022

**By ECF**
The Honorable Mae A. D'Agostino
U.S. District Court
Northern District of New York

Re:   *New York State Rifle and Pistol Assoc., Inc., et al. v. Bruen, et al.,* 1:22-CV-0907 (N.D.N.Y.) (MAD/CFH)

Dear Judge D'Agostino:

This Office represents two of the four defendants in the above-referenced action, *i.e.*, (1) New York State Police Acting Superintendent Steven A. Nigrelli, automatically substituted for Kevin P. Bruen pursuant to Fed. R. Civ. P. 25(d) because Mr. Bruen resigned from his position as Superintendent on October 7, 2022, and (2) the Honorable Richard J. McNally, Jr., a Supreme Court Justice in Rensselaer County (hereafter, the "State Defendants").  I write pursuant to Rule 2(A)(i) of this Court's Individual Rules and Practices to set forth the main ground that the State Defendants intend to raise in their anticipated motion to dismiss Plaintiffs' Amended Complaint, ECF No. 8, and to request a pre-motion conference.  As set forth below, Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as against the State Defendants for lack of standing.

**Plaintiffs Lack Standing With Regards to the State Defendants**

Although Plaintiffs want the Court to adjudicate the constitutionality of nearly every major provision of the Concealed Carry Improvement Act ("CCIA"), they have not alleged sufficient facts as against the State Defendants to support the "irreducible constitutional minimum" elements of standing that would give them a right to that ruling.  Indeed, to establish Article III standing, a plaintiff

Hon. Mae A. D'Agostino
October 11, 2022
Page 2 of 3

"must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant(s), and (3) that is likely to be redressed by a favorable judicial decision." *Oneida Indian Nation v. U.S. Dep't of the Interior*, 336 F. Supp. 3d 37, 44 (N.D.N.Y. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Here, however, as concerns Plaintiffs' challenge to the CCIA's licensing provisions, they have not suffered any injury traceable to the two State Defendants.  This is so because Acting Superintendent Nigrelli is not a licensing official for any of the Plaintiffs, since he is only a licensing official for retired members of the State Police.  *See* N.Y. Penal Law § 265.00(10) ("'Licensing officer' means . . . for the purposes of section 400.01 of this chapter [for retired members of the Division of State Police] the superintendent of state police ….").  And as concerns Judge McNally, although he is a licensing official in Rensselaer County, the Amended Complaint does not actually allege that he has acted on the licensing applications of any of the Plaintiffs.[1]

The standing issue is governed by *Libertarian Party of Erie County v. Cuomo*, in which plaintiffs brought suit against both state officials (including the Superintendent of the State Police), as well as judges who served as licensing officials in several counties, challenging various aspects of the firearm licensing laws.  *See* 300 F. Supp. 3d 424, 431 (W.D.N.Y. 2018).  That court ruled, however, that standing was lacking against all defendants other than two state Supreme Court Justices, reasoning that the plaintiffs' injuries were "'fairly traceable' only to [the judges], because none of the other Defendants [including the Superintendent] were involved with [plaintiff]'s injury." *Id.* at 436.  The Second Circuit affirmed that ruling, finding "no error in the district court's determination that . . . the only defendants to whom [plaintiffs'] alleged injuries were fairly traceable were the judges *who*

---

[1] NYSRPA, the organizational plaintiff, lacks standing because it cannot vicariously assert the interests of its members and because it has suffered no injury fin its own right.  *See Conn. Citizens Defense League, Inc. v. Lamont*, 6 F.4th 439, 447-48 (2d Cir. 2021).

Hon. Mae A. D'Agostino
October 11, 2022
Page 3 of 3

***denied*** their respective applications." *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020) (emphasis added). But no denial has occurred here.[2]

This same type of rationale also leads to dismissal of Plaintiffs' challenge to the enforcement of the sensitive places and private property provisions of the CCIA. For instance, Acting Superintendent Nigrelli's general law enforcement role is not sufficient to create standing against him. See *Frey v. Bruen*, No. 21 Civ. 5334, 2022 WL 522478 (S.D.N.Y. Feb. 22, 2022) (no standing to bring pre-enforcement claim against Superintendent where plaintiffs have "not alleged any facts showing that they have been prosecuted in the past or have been threatened with enforcement of any of the statutes they are challenging"); *see also Seegars v. Gonzales*, 396 F.3d 1248, 1255 (D.C. Cir. 2005) (no threat of imminent prosecution even where District had said it would "prosecut[e] all violators of the statute," because "plaintiffs allege[d] no prior threats against them or any characteristics indicating an especially high probability of enforcement against them" for "engaging in specified conduct" (cleaned up)). And as concerns Judge McNally, as a judicial officer, he has absolutely no law enforcement powers at all connected to the CCIA.

For these reasons, a motion to dismiss this action is appropriate and the State Defendants therefore respectfully request a pre-motion conference.

                                        Respectfully submitted,

                                        *s/ Shannan C. Krasnokutski*

                                        Shannan C. Krasnokutski
                                        Assistant Attorney General | Special Counsel
                                        Bar No. 512932

cc:      All Counsel of Record by ECF

---

[2] Although certain of the Plaintiffs had licensing applications previously denied under New York's then-governing proper cause standard, that law is no longer on the books, having been removed as part of the CCIA legislation. Those plaintiffs do not allege that an application was denied on any other basis, and there is no longer any apparent impediment to the plaintiffs in the prior action receiving a license. See *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2135 (2022) ("it is undisputed that petitioners Koch and Nash [are] two ordinary, law-abiding adult citizens").