**John Parker Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct



October 21, 2022

**Via CM/ECF**
Honorable Mae A. D'Agostino
United States District Court
Northern District of New York

   Re: *New York State Rifle and Pistol Association, Inc v. Nigrelli,* No. 1:22-cv-00907 (MAD/CFH)

Dear Judge D'Agostino:

  This letter is in response to Justice McNally's and Acting Superintendent Nigrelli's letter filed on October 18, 2022 seeking permission to file a Rule 12(b) motion to dismiss Plaintiffs' Amended Complaint against them for lack of standing. The Court should not permit these Defendants to file their proposed motion to dismiss. Plaintiffs sufficiently allege their standing to sue these Defendants, whose proposed arguments to the contrary have been rejected generally by the Second Circuit and specifically by this Court. The proposed motion is at best premature because its arguments require evidence contradicting Plaintiffs' allegations.

  **I. Plaintiffs' allegations are sufficient to establish their standing, and these Defendants are the proper defendants in this suit.**

  Plaintiffs sufficiently allege their standing to sue these Defendants for their involvement in both the Concealed Carry Improvement Act's ("CCIA") license application requirements and sensitive and restriction location provisions. The CCIA's license application requirements injure Plaintiff Brandon Koch, for instance, by forbidding him from carrying firearms outside his home until he renews his current, restricted license or is issued a new, unrestricted license.[1] Am. Compl. ¶¶ 53–56. Either way, he must submit a completed license application. *See id*. ¶ 56. Mr. Koch is

---

[1] Only one plaintiff need have standing to seek each form of relief requested in the complaint. *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008).

unable to submit a completed application without surrendering his First, Second, and Fourth Amendment rights, which deters him from submitting a completed application. *Id*. ¶¶ 54, 56, 99–102 & 108–10. Mr. Koch's injury is traceable to both Justice McNally and Acting Superintendent Nigrelli because both enforce the CCIA's license application requirements. *Id*. ¶¶ 15–16.

Mr. Koch, or any of the Plaintiffs, is not required to submit an incomplete application, which would be futile, to establish his standing to challenge the CCIA's license application requirements. The Second Circuit is clear that "failure to file a license application does not pose an obstacle to consideration of [a challenge to the licensing scheme]" where the applicant's license would be denied. *Bach v. Pataki*, 408 F.3d 75, 82 (2d Cir. 2005); *see also Desiderio v. NASD*, 191 F.3d 198, 200 (2d Cir. 1999) (it is futile to submit an application form that will not be accepted); *Sammon v. New Jersey Bd. of Medical Examiners*, 66 F.3d 639, 642–43 (3d Cir. 1995) ("Litigants are not required to make such futile gestures to establish ripeness."). *Libertarian Party of Erie County v. Cuomo*, 300 F. Supp. 3d 424, 433 (W.D.N.Y. 2018), upon which these Defendants rely in their letter, is in accord. More specifically and more recently, this Court in *Antonyuk v. Hochul*, No. 122CV0986GTSCFH, 2022 WL 5239895, at *8 (N.D.N.Y. Oct. 6, 2022) (Suddaby, J.), held that a plaintiff need not submit an incomplete application to have standing to challenge the CCIA's license application requirements.

This Court has also confirmed that these Defendants are proper defendants in this suit. *Antonyuk* held that the relevant licensing official (Justice McNally here) and Acting Superintendent Nigrelli, at least with respect to the CCIA's 18-hour firearm training requirement, are proper defendants to a challenge of the CCIA's license application requirements. *Id*. This Court has twice rejected these Defendants' proposed argument that Plaintiffs lack standing to sue the Superintendent of the State Police over the CCIA's sensitive and restricted location provisions.

*Id.*; *Antonyuk v. Bruen*, No. 122CV0734GTSCFH, 2022 WL 3999791, at *14 (N.D.N.Y. Aug. 31, 2022) (Suddaby, J.) ("the Court finds that Superintendent Bruen is a proper defendant to Plaintiffs' claims challenging the enforcement of the CCIA's sensitive-location provision and restricted-location provision by state police members").

This Court should reject these Defendants' proposed arguments here and now, saving the Court and parties the time and expense of briefing, arguing, and ruling upon meritless arguments.

## II. Defendants' proposed arguments require discovery and are therefore not proper in a Rule 12(b) motion.

When reviewing a motion to dismiss under Rule 12(b)(1), "all of the facts alleged in plaintiff's complaint must be taken as true," *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 93 (2d Cir. 2022) (cleaned up), and "all reasonable inferences drawn from those factual allegations are construed in favor of the plaintiff," *Hisp. Leadership Fund, Inc. v. Walsh*, No. 1:12-CV-1337 MAD/TWD, 2013 WL 5423855, at *5 (N.D.N.Y. Sept. 26, 2013). Plaintiffs have pled sufficient facts to survive the proposed motion. An argument that Plaintiffs lack standing to sue these Defendants requires the discovery of facts contradicting Plaintiffs' allegations. The proposed motion therefore necessarily fails, and this Court should not permit these Defendants to file it.

Dated: October 21, 2022                                  Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036

Counsel for Plaintiffs

cc: All Counsel of Record by ECF