UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   1:22-cv-00907 MAD-CFH
NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, INC., ROBERT NASH,
BRANDON KOCH, THOMAS STIRNWEIS,
WAYNE FRANCIS, KHOURY PORTER,
and SCOTT NOREN,

                    Plaintiffs,             ANSWER OF THE DEFENDANT
     * against *                             PATRICK RYDER, as
                                                       COMMISSIONER OF THE
KEVIN P. BRUEN, in his official capacity as        NASSAU COUNTY POLICE
Superintendent of the New York State Police,     DEPARTMENT
RICHARD J MCNALLY, JR., in his official
capacity as Justice of the New York Supreme Court,
Third Judicial District, and Licensing Officer for
Rensselaer County, RODNEY K. HARRISON,
in his official capacity as Commissioner of the
Suffolk County Police Department, and Licensing
Officer for Suffolk County, and PATRICK J.
RYDER, in his official capacity as Police
Commissioner of the Nassau County Police
Department and Licensing Officer for Nassau County,

                    Defendants.
-------------------------------------------------------------X

        The Defendant, PATRICK J. RYDER, in his official capacity as Police Commissioner of the Nassau County Police Department and Licensing Officer for Nassau County, answering the complaint, alleges as follows:

ANSWERING "INTRODUCTION"

        1.     In response to the allegations made in paragraph 1, Defendant submits that it makes no factual allegations for which a response would be required, but rather only alleges legal propositions and arguments.

        2.     In response to the allegations made in paragraph 2, Defendant submits that it makes no factual allegations for which a response would be required, but rather only alleges legal propositions and arguments.

        3.     Denies the allegations made in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4.

ANSWERING "JURISDICTION AND VENUE"

5. In response to the allegations made in paragraph 5, the Defendant admits that in the appropriate case, the sections referenced would afford the Court with subject matter jurisdiction over a claim. The Defendant can neither nor deny that those sections apply to the Plaintiffs' claims.

6. Admits the allegations made in paragraph 6.

7. Denies the allegations made in paragraph 7.

ANSWERING "PARTIES"

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 14.

15. Denies the allegations made in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 17.

18. Admits the allegations made in paragraph 18, except denies that the Defendant, Ryder, is responsible for receiving applications from residents of Suffolk County for a license to carry a handgun, investigating the applicant, and either approving or denying such applications.

## ANSWERING "FACTUAL ALLEGATIONS"

19. In response to the allegations made in paragraph 19, Defendant submits that it makes no factual allegations for which a response would be required, but rather only alleges legal propositions and arguments.

20. In response to the allegations made in paragraph 20, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

21. In response to the allegations made in paragraph 21, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

22. In response to the allegations made in paragraph 22, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

23. In response to the allegations made in paragraph 23, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

24. In response to the allegations made in paragraph 24, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

25. In response to the allegations made in paragraph 25, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

26. Admits the allegations in paragraph 26.

27. Admits the allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 28.

29. Denies the allegations made in paragraph 29.

30. Denies the allegations made in paragraph 30.

31. Admits the allegations made in paragraph 31.

32. Denies the allegations made in paragraph 32.

33. In response to the allegations made in paragraph 33, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 and 265.01 as the best evidence of what those sections require.

34. Denies the allegations made in paragraph 34.

35. Denies the allegations made in paragraph 35.

### ANSWERING "NEW YORK'S RESTRICTIONS ON HANDGUN CARRY LICENSE HOLDERS"

36. Denies the allegations made in paragraph 36.

37. Denies the allegations made in paragraph 37.

38. Denies the allegations made in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 39.

40. Denies the allegations made in paragraph 40.

41. Denies the allegations made in paragraph 41.

42. Admit the allegations made in paragraph 42.

43. Denies the allegations made in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 44.

ANSWERING "THE CCIA WILL DETER PLAINTIFF KOCH, STIRNWEIS AND FRANCIS FROM OBTAINING OR RENEWING A HANDGUN CARRY LICENSE AND BURDEN PLAINTIFF NASH'S ABILITY TO RENEW A HANDGUN CARRY LICENSE

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 58.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 59.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 39.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 68.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 69.

### ANSWERING "THE CCIA WILL DETER PLAINITFFS PORTER, NOREN. STIRNWEIS, AND FRANCIS FROM CARRYING FIREARMS OUTSIDE THEIR HOME

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 73.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 75.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 76.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 79.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 80.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 82.

Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 39.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 83.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 84.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 85.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 86.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 87.

ANSWERING "COUNT ONE"

42 U.S.C. §1983 Action for Deprivation of
Plaintiffs' Rights under U.S. CONST. amends. II and XIV

88. In response to the allegations made in paragraph 88, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 89.

90. Denies the allegations made in paragraph 90.

91. Denies the allegations made in paragraph 91.

92. Denies the allegations made in paragraph 92.

93. Denies the allegations made in paragraph 93.

94. Denies the allegations made in paragraph 94.

95. Denies the allegations made in paragraph 95.

96. Denies the allegations made in paragraph 96.

ANSWERING "COUNT TWO"

42 U.S.C. §1983 Action for Deprivation of
Plaintiffs' Rights under U.S. CONST. amends. I and XIV

97. In response to the allegations made in paragraph 97, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

98. Denies the allegations made in paragraph 98.

99. Denies the allegations made in paragraph 99.

100. Denies the allegations made in paragraph 100.

101. Denies the allegations made in paragraph 101.

102. Denies the allegations made in paragraph 102.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 103.

104. Denies the allegations made in paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 105.

106. Denies the allegations made in paragraph 106.

ANSWERING "COUNT THREE"

42 U.S.C. §1983 Action for Deprivation of
Plaintiffs' Rights under U.S. CONST. amends. IV and XIV

107. In response to the allegations made in paragraph 107, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

108. In response to the allegations made in paragraph 108, the Defendant respectfully refers to the wording of NY Penal Law §§400.00 as the best evidence of what those sections require.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 109.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 110.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 111.

112. Denies the allegations made in paragraph 112.

ANSWERING "COUNT FOUR"

42 U.S.C. §1983 Action for Deprivation of
Plaintiffs' Rights under U.S. CONST. amend XIV (Due Process Clause)

113.　In response to the allegations made in paragraph 113, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

114.　Denies the allegations made in paragraph 114.

115.　Admits the allegations made in paragraph 115.

116.　Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 116.

117.　Denies the allegations made in paragraph 117.

118.　Denies the allegations made in paragraph 118.

119.　Denies the allegations made in paragraph 119.

120.　Admits the allegations made in paragraph 120.

121.　Denies the allegations made in paragraph 121.

ANSWERING "COUNT FIVE"

42 U.S.C. §1983 Action for Deprivation of
Plaintiffs' Rights under U.S. CONST. amend XIV (Equal Protection Clause)

122.　In response to the allegations made in paragraph 122, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

123.　Denies the allegations made in paragraph 123.

124.　Denies the allegations made in paragraph 124.

125.　Denies the allegations made in paragraph 125.

126.　Denies the allegations made in paragraph 126.

127.　Denies the allegations made in paragraph 127.

128.　Denies the allegations made in paragraph 128.

ANSWERING "COUNT SIX"

42 U.S.C. § 1983 Action for Deprivation of<br>Plaintiffs' Rights under U.S. CONST. amend XIV (Right to Privacy)

129.  In response to the allegations made in paragraph 129, the Defendant repeats and reiterates the admissions and denials made herein as if fully stated hereat at length.

130.  Admit the allegations made in paragraph 130.

131.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 131.

132.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 132.

133.  Denies the allegations made in paragraph 133.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs do not have the requisite standing to pursue the claims asserted.

SECOND AFFIRMATIVE DEFENSE

The causes of action asserted on behalf of the various Plaintiffs have been improperly joined. Venue of any claim made by the Plaintiff, Francis against the Defendant, Ryder, should be venued in the District Court for the Eastern District of New York.

THIRD AFFIRMATIVE DEFENSE

The Defendant, Ryder, in his capacity as the Pistol Licensing Officer for the jurisdiction, is acting in a state capacity. All claims for damages against him, in his official capacity, are therefore barred by the 11th Amendment.

FOURTH AFFIRMATIVE DEFENSE

The Defendant, Ryder, in his official capacity, is entitled to qualified immunity from damages in that the allegations of the complaint do not allege the violation of clearly established federal rights.

FIFTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks judgment declaring that the challenged sections of state law are unconstitutional, the Defendant, Ryder, is not a proper party to this action.

SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a viable cause of action against the Defendant, Ryder, in his official capacity.

WHEREFORE, the Defendant, Patrick Ryder, in in his official capacity as Police Commissioner of the Nassau County Police Department and Licensing Officer for Nassau County demands judgment dismissing the Complaint, together with the costs and disbursements of this action.

Mineola, New York
October 27, 2022

THOMAS A. ADAMS
Nassau County Attorney
1 West Street
Mineola, New York 11501
By: Andrew R. Scott
Deputy County Attorney
NDNY Bar ID: 703958
(516) 571-3013