UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, INC., ROBERT NASH,
BRANDON KOCH, THOMAS STIRNWEIS,
WAYNE FRANCIS, KHOURY PORTER,
and SCOTT NOREN,

                                                Plaintiffs,

                                           -against-

KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police,
RICHARD J MCNALLY, JR., in his official
capacity as Justice of the New York Supreme Court,
Third Judicial District, and Licensing Officer for
Rensselaer County, RODNEY K. HARRISON,
in his official capacity as Commissioner of the
Suffolk County Police Department, and Licensing
Officer for Suffolk County, and PATRICK J.
RYDER, in his official capacity as Police
Commissioner of the Nassau County Police
Department and Licensing Officer for Nassau
County,

                                              Defendants.
-----------------------------------------------------------------X

Docket No.: 1:22-cv-00907
(MAD/CFH)

**ANSWER**

Jury Trial Is Demanded

Defendant, Rodney K. Harrison, in his official capacity as Commissioner of the Suffolk County Police Department and Licensing Officer for Suffolk County ("Defendant Harrison"), by his attorney, Dennis M. Cohen, Suffolk County Attorney, by Marc Lindemann, Assistant County Attorney, answering plaintiffs' complaint respectfully:

1.      Avers that the unnumbered first paragraph and Paragraphs 134, 135, 136, 137, 138, and 139 of the complaint contain requests for relief, attempt to characterize the proceeding being brought, and purport to invoke the jurisdiction of the Court. As such, Defendant Harrison makes no answer save to demand strict proof thereof and denies any conduct giving rise to any cause of action thereunder. Defendant Harrison refers all conclusions of law to the Court.

2. With respect to the allegations made in Paragraphs 1, 2, 19, 20, 21, 22, 23, 24, 25, 26, 27, 33, 37, 103, 108, 111, 115, 120, and 130 of the complaint, neither admits nor denies the allegations contain therein as same set forth statutory provisions, case authority, and/or conclusions of law to which no response is required. To the extent that these Paragraphs of the complaint contain any factual allegations, Defendant Harrison denies knowledge or information sufficient to form a belief as to the truth of any of such allegations.

3. Denies the allegations contained in Paragraphs 3, 7, 17, 29, 30, 32, 34, 35, 36, 38, 40, 41, 43, 50, 62, 68, 69, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 104, 106, 112, 114, 117, 118, 119, 121, 123, 124, 125, 126, 127, 128, and 133 of the complaint and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 4, 28, and 132 of the complaint and refers all questions of law to the Court.

5. Avers that Paragraph 5 of the complaint purports to invoke the jurisdiction of the Court pursuant to the enumerated statute. As such, Defendant Harrison makes no answer save to demand strict proof thereof and denies any conduct giving rise to any cause of action thereunder. Defendant Harrison refers all conclusions of law to the Court.

6. Admits the allegations made in Paragraphs 6, 31, and 42 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 39, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 105, 116, and 131 of the complaint.

8. Answering Paragraphs 88, 97, 107, 109, 110, 113, 122, and 129 of the complaint, repeats, reiterates, and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

9. That the complaint fails to state a viable cause of action against Defendant Harrison in his official capacity.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

10. To the extent that the complaint seeks judgment declaring that the challenged sections of state law are unconstitutional, that Defendant Harrison is not a proper party to this action.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

11. That Defendant Harrison, in his official capacity, is entitled to qualified immunity from damages in that the allegations of the complaint do not allege the violation of clearly established federal rights.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

12. That Defendant Harrison, in his capacity as the Pistol Licensing Officer for the jurisdiction, is acting in a state capacity. All claims for damages against him, in his official capacity, are therefore barred by the 11th Amendment.

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

13. That the causes of action asserted on behalf of the various plaintiffs have been improperly joined. The venue of any claim made by plaintiff Thomas Stirnweis against Defendant Harrison should be the District Court for the Eastern District of New York.

### *AS AND FOR A SIXTH AFFIRMATIVE DEFENSE*

14. That plaintiffs do not have the requisite standing to pursue the claims asserted.

WHEREFORE, Defendant Harrison, in his official capacity as Commissioner of the Suffolk County Police Department and Licensing Officer of Suffolk County, respectfully requests that the Court grant the following relief:

1) dismiss the complaint in its entirety, with prejudice, as a matter of law;

2) grant such other and further relief as the Court may deem just, proper and equitable.

Dated: Hauppauge, New York
November 10, 2022

Yours, etc.,

DENNIS M. COHEN
County Attorney

By: _____
MARC LINDEMANN
Assistant County Attorney
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4804