Case 1:22-cv-00907-MAD-CFH   Document 31   Filed 11/22/22   Page 1 of 3



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (518) 776-2620

November 22, 2022

By ECF
Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Re:   *New York State Rifle & Pistol Association, Inc. et al. v. Bruen et al.*,
      1:22-cv-907 (N.D.N.Y.) (MAD/CFH)

Dear Judge D'Agostino:

      Defendant Stephen Nigrelli, Acting Superintendent of the New York State Police,[1] and Justice Richard J. McNally, respectfully write to request the Court stay the above-referenced action. I have consulted with Plaintiffs' counsel and Plaintiffs oppose the request to stay this matter.

      Plaintiffs here raise constitutional challenges against similar provisions of the Concealed Carry Improvement Act ("CCIA") that are at issue in *Antonyuk v. Hochul*, No. 1:22-CV-0986 (N.D.N.Y) (GTS/CFH); specifically, (1) the procedures for obtaining a handgun carry license, N.Y. Penal Law § 400.00(1); (2) the requirement that a license applicant complete a training course; (3) the "good moral character" provision of the law allowing the denial of licenses for someone who does not "hav[e] the essential character and temperament necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others, N.Y. Penal Law § 400.00(1)(b); (4) the requirement that an applicant disclose a list of his recent social media accounts, *id.* § (o)(iv); (5) the prohibition on carrying guns into sensitive places such as playgrounds, libraries, summer camps, or domestic violence shelters, N.Y. Penal Law § 265.01-e; and (6) the requirement that a person carrying a concealed weapon obtain the consent of a property owner or lessee before bringing a gun onto his or her property, N.Y. Penal Law § 265.01-d. *See* Am. Compl. ¶¶ 19-42.

---

[1] Defendant Kevin P. Bruen, formerly Superintendent of the New York State Police, has left government service effective October 19, 2022.  Because Superintendent Bruen was sued only in his official capacity, *see* Am. Compl., ECF No. 8 at 1, Acting Superintendent Seven A. Nigrelli is "automatically" substituted as his successor under Fed. R. Civ. P. 25(d).

Case 1:22-cv-00907-MAD-CFH   Document 31   Filed 11/22/22   Page 2 of 3

Hon. Mae A. D'Agostino
Nov. 22, 2022
Page 2 of 3

Each of these statutes were at issue in the *Antonyuk* matter, where there has already been a ruling on a preliminary injunction motion, and where the State Defendants have filed an appeal. *See Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 U.S. Dist. LEXIS 201944 (N.D.N.Y. Nov. 7, 2022), appeal docketed. And the constitutionality of each of these laws will be before the Second Circuit in the appeal of that ruling, which has already been filed. *See Antonyuk v. Nigrelli*, No. 22-2908 (2d Cir., Nov. 10, 2022).[2] Moreover, the plaintiffs in the *Antonyuk* case have similar standing deficiencies to the ones raised in the recently-filed motion to dismiss in this action, and those issues have also been raised and presented to the Second Circuit. There is little purpose to litigating these matters in the District Court without waiting for further guidance as to relevant legal issues from the Circuit, which is expected to rule on some or all of these issue in the near future.

Courts in this Circuit have broadly recognized that it is appropriate to "'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Nuccio v. Duve*, No. 13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (quoting *LaSala v, Needham & Co., Inc.*, 388 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). In determining whether to grant a stay, courts look to five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (quoting *Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)).

Here, all five factors weigh strongly in favor of a stay. If the case goes forward, Plaintiffs will needlessly expend their resources opposing State Defendants' motion to dismiss; meanwhile, Defendants would have to reply to the same. *See Nuccio*, 2015 WL 1189617 at *5 ("the second factor – the private interests of and burden on Defendant[s] – weigh in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the [other] [a]ction will necessarily resolve."). "Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." *Id.* Moreover, "[s]taying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and 'minimizing the possibility of conflicts between different courts.'" *Nuccio*, 2015 WL 1189617 at *5 (quotation and brackets omitted).

A stay could also help resolve the litigation by allowing time for those Plaintiffs who do not have an unrestricted carry license to apply for one. As discussed in State Defendants' motion to dismiss, ECF No. 30-1 at 8 *et seq.*, Plaintiffs' claims against the CCIA's licensing provisions are unripe because none of Plaintiffs have filed a license application, let alone had one denied, which is a prerequisite for standing. *See United States v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012); *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020). Allowing

---

[2] On November 15, 2022, the U.S. Court of Appeals for the Second Circuit granted an interim stay regarding Judge Suddaby's preliminary injunction decision. *See* attached.

Plaintiffs the opportunity to apply for a license will streamline the litigation, benefiting both the parties and the Court: if the application is granted, Plaintiffs' claims will be moot, *see Libertarian Party*, 970 F.3d at 122, and if the application is denied, Plaintiffs may have a justiciable case or controversy regarding the law that served as the basis for the denial. *See id.* at 125.

Accordingly, State Defendants respectfully request that this matter be stayed pending the Second Circuit's ruling in the *Antonyuk* appeal, and that the deadline to answer or file a renewed motion to dismiss be set for thirty days after the Second Circuit's opinion.

Thank you kindly for your consideration of this matter.

Respectfully submitted,

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158
Michael.McCartin@ag.ny.gov

cc: All counsel of record (via e-filing)