UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC. ROBERT NASH, BRANDON KOCH, THOMAS STIRNWEIS, WAYNE FRANCIS, KHOURY PORTER, and SCOTT NOREN,<br><br>                                    Plaintiffs,<br><br>        -against-<br><br>STEVEN G. JAMES, in his official capacity as Acting Superintendent of the New York State Police, RODNEY K. HARRISON, in his official Capacity as Commissioner of the Suffolk County Police Department, and Licensing Officer for Suffolk County and PATRICK J. RYDER, in his official capacity as Police Commissioner of the Nassau County Police Department, and Licensing Officer for Nassau County.<br>                                    Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>22-cv-00907 (MAD)(CFH)<br><br>**JURY TRIAL DEMANDED** |

Defendant, RODNEY HARRISON, by his attorney, Christopher J. Clayton, Suffolk County Attorney, by Stacy A. Skorupa, Assistant County Attorney, answering Plaintiff's Second Amended Complaint respectfully:

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in the unnumbered initial paragraph, as well as the paragraphs numbered 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86,

87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102 and 103 of the complaint, and refers all questions of law to the Court.

    2.    Avers that the allegations contained in the paragraphs numbered 5, 6 and 7 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

### DEFENDANT'S ANSWER TO COUNT ONE
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amends II and XIV

    3.    Answering the paragraph numbered 104 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

    4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 105, 106, 107, 108, 109, 110, 111 and 112 of the complaint and refers all questions of law to the Court.

### DEFENDANT'S ANSWER TO COUNT TWO
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amends I and XIV

    5.    Answering the paragraph numbered 113 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

    6.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 114, 115, 116, 117, 118, 119, 120, 121 and 122 of the complaint and refers all questions of law to the Court.

## DEFENDANT'S ANSWER TO COUNT THREE
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amends IV and XIV

7.     Answering the paragraph numbered 123 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

8.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 124, 125, 126, 127 and 128 of the complaint and refers all questions of law to the Court.

## DEFENDANT'S ANSWER TO COUNT FOUR
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amends XIV (Due Process Clause)

9.     Answering the paragraph numbered 129 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

10.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 130, 131, 132, 133, 134, 135, 136 and 137 of the complaint and refers all questions of law to the Court.

## DEFENDANT'S ANSWER TO COUNT FIVE
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amend XIV (Equal Protection Clause)

11.    Answering the paragraph numbered 138 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 139, 140, 141, 142, 143 and 144 of the complaint and refers all questions of law to the Court.

### DEFENDANT'S ANSWER TO COUNT SIX
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amend XIV (Right to Privacy)

13.     Answering the paragraph numbered 145 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156 and 157 of the complaint and refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.     That the complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.     That the damages sustained by the plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.     That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by Defendant or otherwise ratified by Defendant authorized a deprivation of Plaintiffs' constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. That no custom or usage adopted, followed, endorsed or ratified by Defendant authorized a deprivation of Plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22. That this Court lacks subject matter jurisdiction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and the supremacy clause of the United States Constitution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. That Plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27. That Defendant's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28. That Defendant, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities.

29. That Defendant acted in what he did solely pursuant to his duty and responsibilities as a law enforcement and/or prosecuting official.

30. That Defendant at all times acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers.

31. That in performing such duties and responsibilities, Defendants is and was protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

33. This claim is barred by the Eleventh Amendment.

WHEREFORE, Defendant demands judgment against Plaintiffs dismissing the Second Amended Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED:  Hauppauge, New York
           May 2, 2024

                        Yours etc.,

                        Christopher J. Clayton
                        Suffolk County Attorney
                        Attorney for Rodney Harrison
                        H. Lee Dennison Building
                        100 Veterans Memorial Highway
                        Hauppauge, New York 11788

            By:    */s/ Stacy A. Skorupa*
                        Stacy A. Skorupa
                        Assistant County Attorney

TO:    John Parker Sweeney
          James W. Porter, III
          Connor M. Blair
          Bradley Arant Boult Cummings, LLP
          1615 L Street N.W., Suite 1350
          Washington, D.C. 20036
          Counsel for Plaintiffs