UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, INC.,

ROBERT NASH,

BRANDON KOCH,

THOMAS STIRNWEIS,

WAYNE FRANCIS,

KHOURY PORTER, and

SCOTT NOREN,

     Plaintiffs,

 -against-

STEVEN G. JAMES, in his official capacity
as Acting Superintendent of the New York State
Police,

RODNEY K. HARRISON, in his official
capacity as Commissioner of the Suffolk
County Police Department, and Licensing
Officer for Suffolk County, and

PATRICK J. RYDER, in his official capacity as
Police Commissioner of the Nassau County
Police Department and Licensing Officer
For Nassau County,

     Defendants.
------------------------------------------------------------X

22-cv-00907 (MAD)(CFH)

**ANSWER TO SECOND
AMENDED COMPLAINT
OF DEFENDANT
PATRICK J. RYDER**

  Defendant, PATRICK J. RYDER ("hereinafter referred to as "Ryder" or "Defendant Ryder"),

appearing herein by his attorney, Thomas A. Adams, Nassau County Attorney, by Deputy County

1

Attorney Ralph J. Reissman, as and for his Answer to the Second Amended Complaint ("SAC) herein [DE 63], states upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in the unnumbered initial paragraph, as well as the paragraphs numbered 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102 and 103 of the SAC, and refers all questions of law to the Court.

2. Avers that the allegations contained in the paragraphs numbered 5, 6 and 7 of the SAC characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

3. Admits the allegations set forth in the paragraph numbered 17.

### DEFENDANT RYDER'S ANSWER TO COUNT ONE
### 42 U.S.C. § 1983 Action for Deprivation of
### Plaintiffs' Rights under U.S. CONST. amends II and XIV

4. Answering the paragraph numbered 104 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 105, 106, 107, 108, 109, 110, 111 and 112 of the SAC and refers all questions of law to the Court.

**DEFENDANT RYDER'S ANSWER TO COUNT TWO**
**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights under U.S. CONST. amends I and XIV**

6.  Answering the paragraph numbered 113 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

7.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 114, 115, 116, 117, 118, 119, 120, 121 and 122 of the SAC and refers all questions of law to the Court.

**DEFENDANT RYDER'S ANSWER TO COUNT THREE**
**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights under U.S. CONST. amends IV and XIV**

8.  Answering the paragraph numbered 123 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

9.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 124, 125, 126, 127 and 128 of the SAC and refers all questions of law to the Court.

**DEFENDANT RYDER'S ANSWER TO COUNT FOUR**
**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights under U.S. CONST. amends XIV (Due Process Clause)**

10.  Answering the paragraph numbered 129 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

11.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 130, 131, 132, 133, 134, 135, 136 and 137 of the SAC and

refers all questions of law to the Court.

**DEFENDANT RYDER'S ANSWER TO COUNT FIVE**
**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights under U.S. CONST. amend XIV (Equal Protection Clause)**

12. Answering the paragraph numbered 138 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 139, 140, 141, 142, 143 and 144 of the SAC and refers all questions of law to the Court.

**DEFENDANT RYDER'S ANSWER TO COUNT SIX**
**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights under U.S. CONST. amend XIV (Right to Privacy)**

14. Answering the paragraph numbered 145 of the SAC, repeats, reiterates and realleges each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156 and 157 of the SAC and refers all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

16. That the SAC fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

17. That the damages sustained by the plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

18. That the SAC fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

19. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by Defendant Ryder or otherwise ratified by Defendant Ryder authorized a deprivation of Plaintiffs' constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20. That no custom or usage adopted, followed, endorsed or ratified by Defendant Ryder authorized a deprivation of Plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22. That municipal defendants are not liable for punitive damage awards.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23. That this Court lacks subject matter jurisdiction.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

24. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

25. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and the supremacy clause of the United States Constitution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. That Plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. That Defendant Ryder's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29. That Defendant Ryder, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities.

30. That Defendant Ryder acted in what he did solely pursuant to his duties and responsibilities as a law enforcement and/or prosecuting official.

31. That at all applicable times herein, and at all times mentioned in the SAC, Defendant Ryder enjoyed, and continues to enjoy, an absolute, full, partial or qualified immunity from civil suit.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

33. At all applicable times herein, and at all times mentioned in the SAC, Defendant Ryder's actions were in full accord with all applicable laws and statutes.

### AS AND FOR A SEVENTEENTH AFFIRMTIVE DEFENSE

34. At all applicable times herein, and at all times mentioned in the SAC, Defendant Ryder was acting in the performance of his duties as an officer, agent, servant and/or employee of the County of Nassau and the Nassau County Police Department, and as an officer, agent, servant and/or employee of the State of New York; that all of the his acts as an officer, agent, servant and/or employee of the County of Nassau and the Nassau County Police Department in connection with the plaintiffs, were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of his duties as an officer, agent, servant and/or employee of the County of Nassau, the Nassau County Police Department, and the State of New York.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

35. If plaintiffs sustained damages as alleged in the SAC, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than Defendant Ryders, over whom Defendant Ryder exercised no control, without any negligent or wrongful conduct on the part of Defendant Ryder contributing thereto.

**WHEREFORE**, Defendant Patrick Ryder demands judgment against Plaintiffs dismissing the Second Amended Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
May 13, 2024

                                          **THOMAS A. ADAMS**
                                          Nassau County Attorney
                                          Attorney for Defendant Patrick Ryder

                                          By: /s/ Ralph J. Reissman
                                                 RALPH J. REISSMAN
                                                 Deputy County Attorney
                                          1 West Street
                                          Mineola, New York 11501
                                          (516) 571-3046
                                          rreissman@nassaucountyny.gov


TO:     All Counsel of Record (Via ECF)