**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



July 19, 2024

<u>**Via CM/ECF**</u>
The Hon. John M. Domurad, Clerk of Court
United States District Court for the Northern District of New York

      **RE:**    Notice of Supplemental Authority, *New York State Rifle & Pistol Association, Inc., et al. v. James, et al.*, No. 1:22-cv-00907 (MAD/CFH)

Dear Mr. Domurad,

      I invite the Court's attention to an intervening summary disposition by the Supreme Court of the United States in *Antonyuk v. James*, 2024 WL 3259671 (U.S. July 2, 2024) (No. 23-910). The Supreme Court granted the Plaintiff–Petitioners' petition for writ of certiorari, vacated the judgment of the Second Circuit in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded the case to the Second Circuit for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1189 (2024).

      The Supreme Court's summary disposition is directly relevant to Superintendent James' motion to dismiss. (ECF No. 66). Superintendent James relies "passim" on *Antonyuk*. (ECF No. 66-1 at 3; ECF No. 71 at 3). For example, he argues that Plaintiffs' challenge to the CCIA's social media requirement is non-justiciable because *Antonyuk* affirmed preliminary injunctive relief against that provision. (ECF No. 66-1 at 16). He also relies on *Antonyuk* to contend that Plaintiffs lack standing to challenge the CCIA's place-of-worship ban. (*Id.* at 19).

      For the reasons explained in Plaintiffs' opposition, Superintendent James' arguments have always been wrong on both precedent and principle. (*See* ECF No. 68). But now, those arguments decidedly are not even reliant on good caselaw. This Court should give no weight to the Second Circuit's reasoning or holdings in *Antonyuk* when resolving Superintendent James' motion to dismiss. His motion should be denied.

      Respectfully,

      */s/ John Parker Sweeney*

      John Parker Sweeney
      Counsel for Plaintiffs

cc: All counsel of record (via CM/ECF)