**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE OFFICE

July 22, 2024

**Via ECF**

The Honorable Mae A. D'Agostino
United States District Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207

    Re:   *New York State Rifle & Pistol Association, Inc., et al. v. James, et al.*
            No. 1:22-cv-907 (MAD/CFH)

Dear Judge D'Agostino,

    This office represents Steven G. James, in his official capacity as Superintendent of the New York State Police. I write in response to the Notice of Supplemental Authority filed by Plaintiffs on Friday, July 19. (ECF No. 72).

    Plaintiffs advised the Court of the U.S. Supreme Court's recent order vacating the Second Circuit's judgment in *Antonyuk v. Chiumento*, 89 F.4th 271 (2024), and remanding for further consideration in light of the Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *See Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (July 2, 2024). In their letter, Plaintiffs contend that this Court should therefore "give no weight to the Second Circuit's reasonings or holdings in *Antonyuk* when resolving Superintendent James' motion to dismiss." (ECF No. 72).

    As an initial matter, it bears noting that the reasoning and holding of *Rahimi* are both entirely consistent with the Second Circuit's prior opinion in *Antonyuk*, which remains highly persuasive. Moreover, in this case, Superintendent James relied upon *Antonyuk*'s holdings on issues of justiciability. Given that *Rahimi* does not address justiciability, there is no reason to believe that any of these holdings will change as the Second Circuit considers *Antonyuk* in light of *Rahimi*. However, should the Court deem it appropriate, Superintendent James has no objection to holding this motion for decision until such a time as the Second Circuit issues a new opinion in *Antonyuk* and, again, should the Court deem it appropriate, providing supplemental briefing at that time.

Finally, Superintendent James would like to advise the Court of the Supreme Court's recent decision in *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024). The Supreme Court reaffirmed that disagreement with a law, absent concrete impact, is insufficient to establish a justiciable dispute. *Id*. at 379 ("The requirement that the plaintiff possess a personal stake helps ensure that courts decide litigants' legal rights in specific cases, as Article III requires, and that courts do not opine on legal issues in response to citizens who might roam the country in search of governmental wrongdoing." (internal citations and quotation marks omitted)); *id*. at 381 ("A citizen may not sue based only on an asserted right to have the Government act in accordance with the law." (internal citations and quotation marks omitted)). Of relevance to the plaintiffs' standing to challenge the statute's limitations on carrying guns in places of worship (*see* ECF No. 71 at pages 9-10), the Supreme Court also reaffirmed its prior cases in which the causation prong of Article III standing turns on the conduct of a third party (in this case, the independent decision of the place of worship about whether to designate someone as a member of the security team): "the Court has said that plaintiffs attempting to show causation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts. Therefore, to thread the causation needle in those circumstances, the plaintiff must show that the third parties will likely react in predictable ways that in turn will likely injure the plaintiffs." *Id*. at 383 (internal citations and quotation marks omitted).

      I thank the Court for its time and consideration of this letter.

      Respectfully submitted,

*[signature]*

Molly Thomas-Jensen
Special Counsel
NDNY Bar Roll No. 75119
28 Liberty Street
New York, NY 10005
212-416-8679
Molly.Thomas-Jensen@ag.ny.gov

Cc: All counsel of record (Via ECF)