**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



July 23, 2024

<u>Via CM/ECF</u>
The Hon. John M. Domurad, Clerk of Court
United States District Court for the Northern District of New York

>  **RE:** Response to Defendant James' Notice, *New York State Rifle & Pistol Association, Inc., et al. v. James, et al.*, No. 1:22-cv-00907 (MAD/CFH)

Dear Mr. Domurad,

I write to respond to Superintendent James' letter regarding *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), which held that unregulated doctors and medical associations lacked standing to challenge the FDA's regulation of patients and other doctors, *id.* at 385. *FDA* provides no support for any of Superintendent James' standing or other jurisdictional arguments. If anything, it decidedly supports Plaintiffs.

Superintendent James begins by citing *FDA* for the undisputed principle that a plaintiff must suffer a cognizable injury to challenge a law in federal court. ECF No. 73 at 2. The Supreme Court has long held that "the threatened enforcement of a law" against the plaintiff is qualitatively more than a generalized grievance and satisfies Article III standing requirements. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). *FDA* itself explains that "[g]overnment regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements," and that "in those cases, standing is usually easy to establish." 602 U.S. at 382. Each challenge brought by the Individual Plaintiffs is to the CCIA's direct criminal regulations of those plaintiffs. And each of those CCIA provisions forbids the Individual Plaintiffs from exercising fundamental constitutional rights. No more is necessary for them to challenge the CCIA's numerous and burdensome criminal restrictions.

Superintendent James next quotes a paragraph of *FDA* discussing standing "[w]hen the plaintiff is an unregulated party." *Id.* at 383; ECF No. 73 at 2. But that paragraph has no relevance to this case, where each challenge is to the CCIA's direct regulation of Individual Plaintiffs or members of the New York State Rifle & Pistol Association. None of Superintendent James' selective quotations supports an argument that Plaintiffs lack standing for any of their challenges.

The only specific challenge the Superintendent mentions is Plaintiff Francis' challenge to the CCIA's place-of-worship ban. ECF No. 73 at 2. That ban directly regulates Plaintiff Francis by negating his longstanding ability to carry a firearm into a place of worship and subjecting him to criminal liability for doing so. Unlike the plaintiffs in *FDA*, Plaintiff Francis is a regulated individual whose "conduct is 'proscribed by' the challenged law." *Vitagliano v. Cnty. of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023) (quoting *SBA List*, 573 U.S. at 159), and he has standing to challenge the CCIA's "regulations that . . . forbid" him from carrying into a place of worship. *FDA*, 602 U.S. at 382. "Because Article III 'requires no more than *de facto* causality,'"

July 23, 2024
Page 2

*Dep't of Com. v. New York*, 588 U.S. 752, 768 (2019), the Court should conclude that the CCIA's direct regulation of Plaintiff Francis satisfies this Court's jurisdictional requirements.

Superintendent James contends that *Antonyuk* is "entirely consistent with" *Rahimi*. ECF No. 73 at 1. If that were so, then the Supreme Court would not have vacated the Second Circuit's judgment and remanded the case for further proceedings. *Antonyuk v. James*, 2024 WL 3259671 (U.S. July 2, 2024) (No. 23-910). He also asks the Court to apply *Antonyuk*'s "highly persuasive . . . holdings on issues of justiciability." ECF No. 73 at 1. Holding *Antonyuk*'s reasoning in such esteem, Superintendent James should have no problem with *Antonyuk* expressly rejecting the same traceability argument with respect to the CCIA's private-property provision that he now makes in defense of CCIA's place-of-worship ban: *Antonyuk* held that plaintiffs' injuries were traceable to the CCIA's restriction even though their "exclusion occurs due to a decision by a third-party to deny consent." 89 F.4th 271, 380 (2d Cir. 2023).

This Court should not "hold[] this motion for decision until such a time as the Second Circuit issues a new opinion in *Antonyuk*." ECF No. 73 at 1. Superintendent James offers no reason for his dilatory request. The Second Circuit well might remand each of *Antonyuk*'s member cases to their district courts, which would move each of those cases back to square one. Superintendent James' motion to dismiss has delayed the resolution of Plaintiffs' claims long enough: it can and should be denied on account of settled jurisdictional principles with neither stay nor delay.

                                           Respectfully,

                                           */s/ John Parker Sweeney*

                                           John Parker Sweeney
                                           Counsel for Plaintiffs

cc: All counsel of record (via CM/ECF)