UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE RIFLE & PISTOL ASSOCIATION,
INC., ROBERT NASH, BRANDON KOCH, THOMAS
STIRNWEIS, WAYNE FRANCIS, KHOURY PORTER,
*and* SCOTT NOREN,

                      Plaintiffs,

          -against-

STEVEN G. JAMES, in his official capacity as
Superintendent of the New York State Police, RODNEY
K. HARRISON, in his official capacity as Commissioner
of the Suffolk County Police Department, and Licensing
Officer for Suffolk County, *and* PATRICK J. RYDER, in
his official capacity as Police Commissioner of the Nassau
County Police Department, and Licensing Officer for
Nassau County,

                   Defendants.

Case No. 1:22-cv-00907
(MAD/CFH)

**DEFENDANT STEVEN G.
JAMES' ANSWER**

---

Defendant Steven G. James, sued in his official capacity as Superintendent of the New

York State Police, by his attorney, Letitia James, Attorney General of the State of New York,

answers the Second Amended Complaint, ECF No. 63, filed by Plaintiffs New York State Rifle

& Pistol Association, Inc., Robert Nash, Brandon Koch, Thomas Stirnweis, Wayne Francis,

Khoury Porter, and Scott Noren (collectively, the "Plaintiffs") as follows:

       1.      Neither admits nor denies the allegations in Paragraph 1, as they are legal

conclusions to which no response is required. To the extent a response is deemed required,

denies that the Second Amendment creates an unlimited right to bear arms in public and

respectfully refers the Court to the cited sources for the best evidence of their content.

2.      Neither admits nor denies the allegations in Paragraph 2, as they are legal conclusions to which no response is required. and respectfully refers the Court to the cited sources for the best evidence of their content

3.      Neither admits nor denies the allegations in Paragraph 3, as they are legal conclusions to which no response is required. To the extent a response is deemed required, denies the allegations of paragraph 3, except admits that CCIA was enacted, and respectfully refers the Court to the statute for the best evidence of its content.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      Neither admits nor denies the allegations of Paragraph 5, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, deny that the Court has subject matter jurisdiction.

6.      Admits that the Plaintiffs seek the relief discussed but denies that they are entitled to such relief.

7.      Admits that venue is proper in this District.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     States that no response is required to the allegations of Paragraph 14 because New York State Rifle & Pistol Association has been dismissed from the case. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Denies the allegations of Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, except denies that Rodney K. Harrison is the Commissioner of the Suffolk County Police Department.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, except admits that Patrick J. Ryder is the Police Commissioner of the Nassau County Police Department.

18.     Neither admits nor denies the allegations of Paragraph 18, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, respectfully refers the Court to the cited statutes for the best evidence of their content.

19.     Neither admits nor denies the allegations of Paragraph 19, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, respectfully refers the Court to the cited statutes for the best evidence of their content.

20.     Neither admits nor denies the allegations of Paragraph 20, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, respectfully refers the Court to the cited statute for the best evidence of its content.

21.     Neither admits nor denies the allegations of Paragraph 21, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, respectfully refers the Court to the cited statute for the best evidence of its content.

22.     Neither admits nor denies the allegations of Paragraph 22, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, admits that New York does not cover the fees associated with attending the firearms safety training course or the associated exam, and respectfully refers the Court to the cited statutes for the best evidence of their content.

23.     Neither admits nor denies the allegations of Paragraph 23, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

24.     Neither admits nor denies the allegations of Paragraph 24, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, respectfully refers the Court to the CCIA for the best evidence of its content.

25.     Neither admits nor denies the allegations of Paragraph 25, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

26.     Neither admits nor denies the allegations of Paragraph 26, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, denies that applicants for concealed carry licenses are required to provide a list of the applicants' former and current social media accounts from the past three years and respectfully refers the Court to the CCIA for the best evidence of its content.

27.     Neither admits nor denies the allegations of Paragraph 27, as they state legal conclusions to which no response is required and are relevant only to a claim that has been dismissed.

28.     Neither admits nor denies the allegations of Paragraph 28, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

29.     Neither admits nor denies the allegations of Paragraph 29, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

30.     Neither admits nor denies the allegations of Paragraph 30, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, respectfully refers the Court to the statute for the CCIA evidence of its content.

31.     Neither admits nor denies the allegations of Paragraph 31, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

32.     Neither admits nor denies the allegations of Paragraph 32, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, respectfully refers the Court to the cited statute for the best evidence of its content.

33.     Neither admits nor denies the allegations of Paragraph 33, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

34.     Denies the allegations of Paragraph 34.

35.     Neither admits nor denies the allegations of Paragraph 35, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations of Paragraph 35.

36.     Neither admits nor denies the allegations of Paragraph 36, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, respectfully refers the Court to the CCIA for the best evidence of its content.

37.     Neither admits nor denies the allegations of Paragraph 37, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about statements made by Governor Hochul.

38.     Neither admits nor denies the allegations of Paragraph 38, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

39.     Neither admits nor denies the allegations of Paragraph 39, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

40.     Neither admits nor denies the allegations of Paragraph 40, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations and respectfully refers the Court to the CCIA for the best evidence of its content.

41.     Neither admits nor denies the allegations of Paragraph 41, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, respectfully refers the Court to the CCIA for the best evidence of its content.

42.     Neither admits nor denies the allegations of Paragraph 42, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, respectfully refers the Court to the CCIA for the best evidence of its content.

43.     Neither admits nor denies the allegations of Paragraph 43, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and respectfully refers the Court to the CCIA for the best evidence of its content.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, except admits that Thomas Stirnweis was first issued a pistol permit on November 15, 2018.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Neither admits nor denies the allegations of Paragraph 50, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, except admits that Wayne Francis was issued a concealed carry permit in May 2023.

54.     Neither admits nor denies the allegations of Paragraph 54, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     State that no response is required to the allegations of Paragraph 55 because New York State Rifle & Pistol Association has been dismissed from the case. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, except admits that Robert Nash has had the restrictions on his concealed carry license lifted..

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, except admits that Brandon Koch has had the restrictions on his concealed carry license lifted.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93.

94.     Neither admits nor denies the allegations of Paragraph 94, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and respectfully refers the Court to the CCIA for the best evidence of its content.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

103.    State that no response is required to the allegations of Paragraph 103 because New York State Rifle & Pistol Association has been dismissed from the case. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

105.    Neither admits nor denies the allegations of Paragraph 105, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

106.    Neither admits nor denies the allegations of Paragraph 106, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

107.    Neither admits nor denies the allegations of Paragraph 107, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

108.    Neither admits nor denies the allegations of Paragraph 108, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

109.     Neither admits nor denies the allegations of Paragraph 109, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

110.     Neither admits nor denies the allegations of Paragraph 110, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

111.     Neither admits nor denies the allegations of Paragraph 111 as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

112.     Neither admits nor denies the allegations of Paragraph 112, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

113.     Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

114.     Neither admits nor denies the allegations of Paragraph 114, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

115.     Neither admits nor denies the allegations of Paragraph 115, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

116.     Neither admits nor denies the allegations of Paragraph 116, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

117.    Neither admits nor denies the allegations of Paragraph 117, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

118.    Neither admits nor denies the allegations of Paragraph 118, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

119.    Neither admits nor denies the allegations of Paragraph 119, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

120.    Neither admits nor denies the allegations of Paragraph 120, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

121.    Neither admits nor denies the allegations of Paragraph 121, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.    Neither admits nor denies the allegations of Paragraph 122, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

123.    Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

124.    Neither admits nor denies the allegations of Paragraph 124, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

125.    Neither admits nor denies the allegations of Paragraph 125, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

126.    Neither admits nor denies the allegations of Paragraph 126, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

127.    Neither admits nor denies the allegations of Paragraph 127, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

128.    Neither admits nor denies the allegations of Paragraph 128, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

129.    Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

130.    Neither admits nor denies the allegations of Paragraph 130, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

131.    Neither admits nor denies the allegations of Paragraph 131, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

132.    Neither admits nor denies the allegations of Paragraph 132, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

133.    Neither admits nor denies the allegations of Paragraph 133, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

134.    Neither admits nor denies the allegations of Paragraph 134, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

135.    Neither admits nor denies the allegations of Paragraph 135, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

136.    Neither admits nor denies the allegations of Paragraph 136, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

137.    Neither admits nor denies the allegations of Paragraph 137, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

138.    Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

139.    Neither admits nor denies the allegations of Paragraph 139, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

140.     Neither admits nor denies the allegations of Paragraph 140, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

141.     Neither admits nor denies the allegations of Paragraph 141, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

142.     Neither admits nor denies the allegations of Paragraph 142, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

143.     Neither admits nor denies the allegations of Paragraph 143, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

144.     Neither admits nor denies the allegations of Paragraph 144, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

145.     Repeats and realleges the responses in the paragraphs above as though fully set forth herein.

146.     Neither admits nor denies the allegations of Paragraph 146, as they state legal conclusions to which no response is required.

147.     Neither admits nor denies the allegations of Paragraph 147, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

148.    Neither admits nor denies the allegations of Paragraph 148, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

149.    Neither admits nor denies the allegations of Paragraph 149, as they state legal conclusions to which no response is required. To the extent an answer is deemed required, denies the allegations.

150.    Admits that the Plaintiffs seek the relief described in the "Prayer for Relief" section of the Second Amended Complaint, but denies that Plaintiffs are entitled to the relief requested.

151.    Denies each and every allegation in the Second Amended Complaint unless specifically admitted herein.

**AS AND FOR A FIRST DEFENSE**

152.    The Second Amended Complaint fails to state a claim for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

153.    Defendant James has not violated or deprived Plaintiffs of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A THIRD DEFENSE**

154.    The Court lacks subject-matter jurisdiction over this case.

**AS AND FOR A FOURTH DEFENSE**

155.    One or more plaintiffs lack standing to sue.

**AS AND FOR A FIFTH DEFENSE**

156.    The acts or omissions of Defendant James did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiffs complain and/or those injuries were proximately caused by other persons or entities.

### AS AND FOR A SIXTH DEFENSE

157.    Plaintiffs' claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

### AS AND FOR A SEVENTH DEFENSE

158.    Each of the challenged statutes can be constitutionally applied in at least some circumstances, and has a plainly legitimate sweep.

### AS AND FOR A EIGHTH DEFENSE

159.    The challenged statutes do not burden conduct protected by the text of the Second Amendment.

### AS AND FOR A NINTH DEFENSE

160.    The challenged statutes are fully supported by law, history, and tradition.

### AS AND FOR A TENTH DEFENSE

161.    Certain of the challenged provisions are required by federal laws whose constitutionality the Plaintiffs do not dispute.

### AS AND FOR AN ELEVENTH DEFENSE

162.    The Superintendent intends to reply upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserves the right to amend this Answer to assert such defense or defenses.

WHEREFORE, Superintendent James respectfully requests that the Court enter judgment dismissing the Second Amended Complaint in its entirety and with prejudice, and awarding such other and further relief as the Court deems just and proper.

Date: March 14, 2025

LETITIA JAMES
Attorney General
State of New York

*Attorney for Defendant*
*Superintendent James*


By: _____
Molly Thomas-Jensen
Special Counsel
Bar Roll No. 705119
28 Liberty Street
New York, NY 10005
(212) 416-8679
Molly.Thomas-Jensen@ag.ny.gov