## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

New York State Rifle & Pistol Ass'n, Inc., et al.

**vs**          **Case No.** 1:22-cv-907 (MAP/PJE)

Steven G. James, in his official capacity as Acting Superintendent of the New York State Police, et al.

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable __Paul J. Evangelista__, United States Magistrate Judge, on __4/11/25__ at __10:00__ am/pm at the United States Courthouse, at Room Number ____, at __Albany__, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before __4/25/2025__.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before __4/25/2025__.

3. **DISCOVERY**: All discovery in this action shall be completed on or before __10/31/2025__ (Fact Discovery). **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before __4/17/2026__. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

1

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before ___12/31/2025___ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before __1/30/2026__ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before __2/20/2025__ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before _____. Mediation must be completed on or before _____.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before _____. It is anticipated that the trial will take approximately _____ days to complete. The parties request that the trial be held in _____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?** _X_ (YES) ___ (NO). (Def. Harrison filed jury demand, ECF No. 65, but Plaintiffs withdraw damages requests below)

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")** With the exception of claims that this Court dismissed in its Memorandum-Decision and Order of Feb. 18, 2025, ECF No. 81, this Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343. James asserts the affirmative defense that the Court does not have subject matter jurisdiction over this matter.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?** The parties are subject to the Court's jurisdiction, and all parties have been served.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

Plaintiffs contend that the NY laws challenged in their complaint, ECF No. 63, violate the First, Second, Fourth, and/or Fourteenth Amendments facially and as-applied to them. Defendant James contends that Plaintiffs do not have standing to sue, and in any event, have not had their First, Second, Fourth, and Fourteenth Amendment rights violated. Defendant James contends that any injuries Plaintiffs have suffered were not traceable to or proximately caused by Defendant James' conduct; Defendant James also contends that any claims against him are barred by sovereign or Eleventh Amendment immunity. Defendant Harrison, sued in his official capacity, asserts that he has no liability since plaintiffs make no claims against him or the County of Suffolk.

Plaintiffs seek a declaration that the challenged laws violate the relevant constitutional provisions and an injunction barring Defendants from

**12. What factual and legal issues are genuinely in dispute?**

The primary issues are whether the challenged laws violate the 1st, 2nd, 4th, and/or 14th Amendments. James contends that the primary issues are: (1) whether Plaintiffs have standing to sue; (2) whether the challenged statutes burden conduct protected by the 2nd Amend, and if so, whether those statutes are supported by law, history, and tradition; (3) whether Plaintiffs' claims are barred by 11th Amendment sovereign immunity; and (4) whether the challenged statutes violate the 1st, 4th, and 14th Amendments.

**13. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Plaintiffs believe that the case can be resolved through cross-motions for summary judgment, and that there is no need for a trial. Defendant James contends that dispositive motions may narrow the issues or resolve the matter entirely. It is the position of defendant Harrison, sued in his official capacity, that this case must be withdrawn as against him since plaintiffs do not allege any wrongdoing on his part or by the County of Suffolk.

**14. What specific relief do the parties seek? What are the damages sought?**

Plaintiffs seek a declaration that the challenged laws violate the relevant constitutional provisions and an injunction barring Defendants from enforcing them. Plaintiffs seek costs, attorney's fees, and other proper relief, but hereby withdraw their requests for nominal and compensatory damages. James seeks dismissal of the Second Amended Complaint in its entirety. Defendant Harrison's position is: As Defendant Harrison, sued in his official capacity, and the County of Suffolk, would necessarily be bound by judicial determination of the constitutionality of state law, and injunctive relief to implement such determinations, there is no need for plaintiffs to proceed against him, and this case should be withdrawn as against him. Accordingly, defendant Harrison and the County of Suffolk reserve their right to seek attorney's fees and costs from plaintiffs under 42 U.S.C. § 1988 and other applicable statutes and court rules.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**

        The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline. Mandatory Disclosures are now due on 5/5/25.

    B. **Subjects of Disclosure**

        The parties jointly agree that discovery will be needed to address the following subjects: Plaintiffs believe that discovery is unnecessary and that the case should proceed to dispositive motions. James believes discovery will be necessary from the remaining Plaintiffs with regard to all allegations in the Second Amended Complaint, including deposition of all remaining Plaintiffs.

    C. **Discovery Sequence**

        Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages. Plaintiffs believe that discovery is unnecessary. James believes that discovery should proceed according to the schedule above.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
Plaintiffs believe that discovery is unnecessary. James believes that discovery should proceed according to the schedule above.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
Plaintiffs believe that discovery is unnecessary. James believes that discovery should proceed according to the schedule above.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).
Plaintiffs do not anticipate retaining any experts, but Plaintiff reserve the right to retain experts to rebut any that Defendants retain. James believes that discovery should proceed according to the schedule above.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
Plaintiffs believe that discovery is unnecessary. James believes that discovery should proceed according to the schedule above.

    H. **Protective Orders**
       If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
       The parties do not anticipate requesting a protective order.

    I. **Anticipated Issues Requiring Court Intervention**
       Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
       None.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
    Plaintiffs believe that trial is not necessary; the case can be resolved at summary judgment
    Defendant James will enter into appropriate stipulations at the time of trial, which are unknown at this time; bifurcation is not appropriate or necessary.

17. **Are there any related cases pending before the Judges of this Court?**
    No related cases.

18. **In Class Actions, when and how will the class be certified?**

    This case is not a class action.

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

    1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☐ 6 ☐ 7 ☐ 8 ☐ 9 ☐ 10 ☐
      (Very unlikely → → → → → →    Likely)

    A. Settlement cannot be evaluated prior to _____ (Date).

B. How can settlement efforts be assisted?
   Settlement is unlikely and cannot be assisted, including through mediation.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47*.**

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

    A. Reviewed General Order #47                                Yes ☐  No ☐

    B. Reviewed the List of Court Approved                        Yes ☐  No ☐
       Mediators available on the NDNY website?

    C. Prepared to discuss with the Court, at the                 Yes ☐  No ☐
       conference, whether your case should be
       opted out of the program?

    D. Discussed the time frame needed to                         Yes ☐  No ☐
       complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on   2/25/2025
and was attended by:                                        (Date)

John Parker Sweeney/Jay Porter      for plaintiff(s)

Jennifer J. Corcoran                for defendant(s)   Defendant James

Stacy A. Skorupa/Arlene S. Zwilling for defendant(s)   Defendant Harrison

Ralph J. Reissman                                      Defendant Ryder

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*