## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC., | ) ) ) | |
| ROBERT NASH, | ) ) | |
| BRANDON KOCH, | ) ) | |
| THOMAS STIRNWEIS, | ) ) | |
| WAYNE FRANCIS, | ) ) | |
| KHOURY PORTER, *and* | ) ) | |
| SCOTT NOREN | ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civ. Action No. 1:22-cv-00907-MAD-CFH |
| STEVEN G. JAMES, in his official capacity as Acting Superintendent of the New York State Police, | ) ) ) ) | |
| RODNEY K. HARRISON, in his official capacity as Commissioner of the Suffolk County Police Department, and Licensing Officer for Suffolk County, *and* | ) ) ) ) ) | |
| PATRICK J. RYDER, in his official capacity as Police Commissioner of the Nassau County Police Department, and Licensing Officer for Nassau County | ) ) ) ) ) | |
| *Defendants.* | ) | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs the New York State Rifle and Pistol Association ("NYSRPA"), Robert Nash, Brandon Koch, Thomas Stirnweis, Wayne Francis, Khoury Porter, and Scott Noren, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, move for summary judgment for the reasons stated in their accompanying Memorandum in Support of

1

Motion for Summary Judgment, along with its accompanying exhibits. Because their challenges present issues of extraordinary public importance, Plaintiffs request a hearing and oral argument.

Plaintiffs seek summary judgment, a declaration of unconstitutionality, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.01-E's bans on carrying firearms in and on public transportation and transit (including airports), places of worship, government-owned or -controlled administration buildings, locations providing health care and services, places funded or overseen by the Department of Health, sporting venues, Times Square, areas being used for special events, public playgrounds, public parks, and locations serving alcohol for on-premises consumption, as well as N.Y. Penal Law § 265.01-D's ban on carrying firearms in all privately-owned places open to the public, unless the owner gives permission or posts a sign allowing carry. Plaintiffs are entitled to relief because the challenged bans violate the Second Amendment. Plaintiffs also seek summary judgment, declaratory relief, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.45's automobile storage provision because it violates the Second Amendment. Plaintiffs further seek summary judgment, declaratory relief, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.01-D's compelled speech provisions, § 400.00's challenged licensing provisions, and §§ 265.01-D, 265.01-E, 400.01's discriminatory provisions because they violate the First, Second, and Fourteenth Amendments. Plaintiffs also respectfully ask that the Court grant their attorneys' fees request under 42 U.S.C. § 1988.

No genuine issues of material fact remain and Plaintiffs are entitled to judgment as a matter of law. Plaintiffs respectfully request that the Court grant summary judgment in their favor, as well as the requested declaratory and injunctive relief.

Dated: August 18, 2025

Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Bradley Arant Boult Cummings LLP
1900 K Street NW, Suite 800
Washington, D.C. 20006
Phone: 202-393-7150
Facsimile: 202-347-1684
jsweeney@bradley.com
jporter@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th of August 2025, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to all Counsel of Record.

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney (Bar No. 08761)
