

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

August 22, 2025

**VIA ECF**
Hon. Mae A. D'Agostino
U.S. District Court, NDNY
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

      Re:    *NYS Rifle & Pistol Ass'n, Inc., et al. v. James, et al.*
             22-CV-907 (MAD/PJE)

Dear Judge D'Agostino:

      I am in receipt of Plaintiffs' recent letter to the Court regarding their prematurely filed motion for summary judgment and failure to abide by the Court's Individual Rules with regard to same (ECF No. 104). I am disappointed to see that Plaintiffs' counsel is being disingenuous, at best, with regard to their statement that Defendant James failed to initiate discovery for months.

      Attached hereto is an email chain from March 31, 2025 between myself and Mr. Porter (copied to all other counsel in this matter), advising him of my pre-existing trial schedule for the summer and inability to proceed with discovery until that was completed, together with suggested dates which would accommodate same. As you can see, Mr. Porter acknowledged my advising him, and agreed to my proposed discovery deadlines, which have since been incorporated in the Court's Scheduling Order. Additionally, at the status conference earlier this week with Judge Evangelista, we advised the Court and counsel that all discovery demands would be served before the end of this month, allowing more than sufficient time to complete discovery by the October 31 deadline.

      At this time we renew our request to dismiss Plaintiffs' motion for summary judgment based upon Plaintiffs' complete failure to abide by Your Honor's Individual Rule 2(A)(i), which requires a pre-motion letter and conference with the Court prior to the filing of a motion for summary judgment. In the absence of same, the Individual Rules provide that the motion in question will be summarily denied by the Court. As Plaintiffs failed to abide by the Court's Rule in this regard, I request that the motion be summarily denied.

In the event that the Court elects not to summarily deny the motion but rather entertains our previous alternative request to hold same in abeyance, I am happy to provide a declaration to the Court regarding my statements in this letter. Unfortunately I am out of the office today and Monday, August 25, but can provide same upon my return to the office next Tuesday.

Thank you for your continued courtesies in this matter.

Very truly yours,

*Jennifer J. Corcoran*
Jennifer J. Corcoran
Assistant Attorney General

cc: All Counsel of Record (VIA ECF)

| | |
|---|---|
| **From:** | Corcoran, Jennifer |
| **To:** | Corcoran, Jennifer |
| **Date:** | Friday, August 22, 2025 9:00:58 AM |

**From:** Porter, Jay <jporter@bradley.com>
**Sent:** Monday, March 31, 2025 8:20 PM
**To:** Corcoran, Jennifer <Jennifer.Corcoran@ag.ny.gov>
**Cc:** Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov>; stacy.skorupa@suffolkcountyny.gov <stacy.skorupa@suffolkcountyny.gov>; arlene.zwilling@suffolkcountyny.gov <arlene.zwilling@suffolkcountyny.gov>; Ralph J Reissman <RReissman@nassaucountyny.gov>; Lamar, Chadwick <clamar@bradley.com>; Sweeney, John Parker <JSweeney@bradley.com>
**Subject:** Re: Letter to the Court

Jen:

We can live with your suggested dates.

I propose we wait to hear back from Arlene and then push forward from there. Thanks for your work on this.

Jay

> On Mar 31, 2025, at 2:07 PM, Corcoran, Jennifer <Jennifer.Corcoran@ag.ny.gov> wrote:
>
> I appreciate the consent on the extension request – thank you.
>
> I should have mentioned in my initial email that I have jury trials already scheduled in July and August – those will be taking the vast majority of my time/attention over the next few months. At this time we believe that discovery on our end is necessary, as well as depositions of the Plaintiffs. Given my schedule there is no way that that can all be accomplished by the end of the summer. Yes sorry – should have put "fact" before the first deadline on my list – thanks for the catch.
>
> My proposed CCMP schedule gets discovery completed and dispositive motions

filed basically within a year from the scheduling conference which is not unusual for this type of litigation.

---

**From:** Porter, Jay <jporter@bradley.com>
**Sent:** Monday, March 31, 2025 2:16 PM
**To:** Corcoran, Jennifer <Jennifer.Corcoran@ag.ny.gov>
**Cc:** Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov>; stacy.skorupa@suffolkcountyny.gov; arlene.zwilling@suffolkcountyny.gov; Ralph J Reissman <RReissman@nassaucountyny.gov>; Lamar, Chadwick <clamar@bradley.com>; Sweeney, John Parker <JSweeney@bradley.com>
**Subject:** Re: Letter to the Court

Jen:

First, you have our consent to request a one-month extension on the mandatory disclosures deadlines.

Second, we continue to believe that discovery is not necessary and that the court should move straight to dispositive motions. To the extent we are giving the court proposed deadlines, we are not against extending the dates but we would prefer a schedule a bit more streamlined than what you proposed below. We have also clarified that fact discovery closes prior to expert discovery. Could you agree to:

| | |
|---|---|
| [Fact] Discovery Closes | 8/29/2025 (you proposed 10/31/25) |
| Expert Disclosure | 9/30/2025 (you proposed 12/31/25) |
| Rebuttal Expert Disclosure | 10/31/2025 (you proposed 1/30/26) |
| Dispositive Motions Due | 1/23/2026 (you proposed 4/17/26) |

Stacy: we understand you are waiting on Arlene. Just let us know when you can.

Thanks,

Jay

On Mar 31, 2025, at 11:22 AM, Corcoran, Jennifer <Jennifer.Corcoran@ag.ny.gov> wrote:

Hi all! On the CCMP, I have proposed dates that are substantially further out than you guys have in your proposed plan. I'll list them below. If they're agreeable to you, then feel free to revise your proposed plan with those dates. If they're not, let me know and I will submit a separate proposed plan to the Court on behalf of our client. As I was just assigned this case on Friday, and I have an existing major deadline this Friday, I need to ask the Court for a one month extension on the Mandatory Disclosures. Will you consent to that request?

My proposed dates for the CCMP are:

| | |
|---|---|
| Discovery Closes | 10/31/25 |
| Expert Disclosure | 12/31/25 |
| Rebuttal Expert Disclosure | 1/30/26 |
| Dispositive Motions Due | 4/17/26 |

Please let me know if those area agreeable. I will get a Notice of Appearance on the docket today together with my request for the extension on the Mandatory Disclosures. Thanks so much and I look forward to working with everyone.

Jen

---

**From:** Porter, Jay <jporter@bradley.com>
**Sent:** Monday, March 31, 2025 12:02 PM
**To:** Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov>
**Cc:** stacy.skorupa@suffolkcountyny.gov; arlene.zwilling@suffolkcountyny.gov; Ralph J Reissman <RReissman@nassaucountyny.gov>; Lamar, Chadwick

<clamar@bradley.com>; Sweeney, John Parker <JSweeney@bradley.com>; Corcoran, Jennifer <Jennifer.Corcoran@ag.ny.gov>
**Subject:** Re: Letter to the Court

Thanks Molly. Nice to meet you Jen.

> On Mar 31, 2025, at 11:00 AM, Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov> wrote:
>
> Hi Jay,
>
> Thanks so much - I'm adding Jen Corcoran from my office who is joining this case as well.
>
> Thanks,
>
> Molly
>
> ---
>
> **From:** Porter, Jay <jporter@bradley.com>
> **Sent:** Monday, March 31, 2025 11:57 AM
> **To:** Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov>
> **Cc:** stacy.skorupa@suffolkcountyny.gov <stacy.skorupa@suffolkcountyny.gov>; arlene.zwilling@suffolkcountyny.gov <arlene.zwilling@suffolkcountyny.gov>; Ralph J Reissman <RReissman@nassaucountyny.gov>; Lamar, Chadwick <clamar@bradley.com>; Sweeney, John Parker <JSweeney@bradley.com>
> **Subject:** Re: Letter to the Court
>
> **[EXTERNAL]**

All:

Good afternoon. I'm writing to follow up on this as our filing is due this Friday.

Thanks,

Jay

> On Mar 14, 2025, at 1:51 PM, Porter, Jay <jporter@bradley.com> wrote:
>
> All:
>
> Attached please find our proposed draft case management plan. It sets out Plaintiffs' positions, but we invite you to add your positions and to disagree with anything we have written.
>
> If necessary, we will be happy to discuss this before our April 4 filing dealine.
>
> Thanks, and have a nice weekend.
>
> Regards,
> Jay
>
> **James W. Porter, III**
> Partner | Bradley
> jporter@bradley.com
> d: 205.521.8285

**From:** Sweeney, John Parker <JSweeney@bradley.com>
**Sent:** Tuesday, February 25, 2025 4:10 PM
**To:** Molly Thomas-Jensen <Molly.Thomas-Jensen@ag.ny.gov>
**Cc:** Porter, Jay <jporter@bradley.com>; stacy.skorupa@suffolkcountyny.gov; arlene.zwilling@suffolkcountyny.gov; Ralph J Reissman <RReissman@nassaucountyny.gov>; Lamar, Chadwick <clamar@bradley.com>
**Subject:** Re: Letter to the Court

Thank you, Molly.

The letter looks fine to us.

This will confirm we will circulate a draft case management plan no later than March 14 and anticipate any responses within ten days.

John Parker Sweeney

Cell: 410-458-5653

> On Feb 25, 2025, at 4:20 PM, Thomas-Jensen, Molly <Molly.Thomas-Jensen@ag.ny.gov> wrote:
>
> Good afternoon, all -

Please see the attached proposed letter to the Court. Please send me any edits that you have, and I'll get this on file.

Suffolk and Nassau County folks: I have drafted this asking for your deadlines to be extended as well - please let me know if you would not like that to be the case.

Thanks, all!

Molly

**Molly Thomas-Jensen | Special Counsel**

She/Her/Hers

New York State Office of the Attorney General

28 Liberty Street | 18th Floor | New York, NY 10005

O: 212-416-8679

M: 917-526-0586

molly.thomas-jensen@ag.ny.gov | www.ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you,

do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

<[Draft] Civil Case Management Plan, NYSRPA v. James, 122cv907.pdf>

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.