**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC., | ) ) ) |
| ROBERT NASH, | ) ) |
| BRANDON KOCH, | ) ) |
| THOMAS STIRNWEIS, | ) ) |
| WAYNE FRANCIS, | ) ) |
| KHOURY PORTER, *and* | ) ) |
| SCOTT NOREN | ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civ. Action No. 1:22-cv-00907-MAD-CFH ) |
| STEVEN G. JAMES, in his official capacity as Acting Superintendent of the New York State Police, | ) ) ) ) ) |
| RODNEY K. HARRISON, in his official capacity as Commissioner of the Suffolk County Police Department, and Licensing Officer for Suffolk County, *and* | ) ) ) ) ) |
| PATRICK J. RYDER, in his official capacity as Police Commissioner of the Nassau County Police Department, and Licensing Officer for Nassau County | ) ) ) ) ) |
| *Defendants.* | ) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs the New York State Rifle and Pistol Association ("NYSRPA"), Robert Nash, Brandon Koch, Thomas Stirnweis, Wayne Francis, Khoury Porter, and Scott Noren, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, move for summary judgment for the reasons stated in their accompanying Memorandum in Support of

1

Motion for Summary Judgment, along with its accompanying exhibits. Because their challenges present issues of extraordinary public importance, Plaintiffs request a hearing and oral argument.

Plaintiffs seek summary judgment, a declaration of unconstitutionality, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.01-e's bans on carrying firearms in and on places of worship, government-owned or -controlled administration buildings, locations providing health care and services, places funded or overseen by the Department of Health, sporting venues, areas being used for special events, public playgrounds, Times Square, public transportation and transit (including airports), public parks, and locations serving alcohol for on-premises consumption, as well as N.Y. Penal Law § 265.01-d's ban on carrying firearms in all privately-owned places open to the public, unless the owner gives permission or posts a sign allowing carry. Plaintiffs are entitled to relief because the challenged bans violate the Second Amendment. Plaintiffs also seek summary judgment, declaratory relief, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.45's automobile storage provision because it violates the Second Amendment. Plaintiffs further seek summary judgment, declaratory relief, and a permanent injunction barring enforcement of N.Y. Penal Law § 265.01-d's compelled speech provisions, § 400.00's challenged licensing provisions, and §§ 265.01-d, 265.01-e, 400.00's discriminatory provisions because they violate the First, Second, and Fourteenth Amendments. Plaintiffs also respectfully ask that the Court grant their attorneys' fees request under 42 U.S.C. § 1988.

No genuine issues of material fact remain and Plaintiffs are entitled to judgment as a matter of law. Plaintiffs respectfully request that the Court grant summary judgment in their favor, as well as the requested declaratory and injunctive relief.

Dated: April 17, 26                              Respectfully submitted,

                                                 /s/ *John Parker Sweeney*
                                                 John Parker Sweeney
                                                 James W. Porter, III
                                                 Bradley Arant Boult Cummings LLP
                                                 1900 K Street NW, Suite 800
                                                 Washington, D.C. 20006
                                                 Phone: 202-393-7150
                                                 Facsimile: 202-347-1684
                                                 jsweeney@bradley.com
                                                 jporter@bradley.com

                                                 *Counsel for Plaintiffs*


**OF COUNSEL**
W. Chadwick Lamar, Jr. (*pro hac vice*)
Mason A. Kruse (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue N.
Birmingham, AL 35223
clamar@bradley.com
mkruse@bradley.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th of April, 2026, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to all Counsel of Record.

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney (Bar No. 08761)

4