*New York State Rifle and Pistol Association, Inc. v. James,*
Case Number:22-CV-00907-MAD-PJE

# Exhibit C

Associated Reporters Int'l., Inc.                     www.courtsteno.com

Page 1

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

NEW YORK STATE RIFLE & PISTOL

ASSOCIATION, INC., ROBERT NASH,

BRANDON KOCH, THOMAS STIRNWEIS

WAYNE FRANCIS, KHOURY PORTER,

AND SCOTT NOREN,

    Plaintiff,

V                                        Docket No.:  22-CV-907


STEVEN G. JAMES, IN HIS OFFICIAL CAPACITY AS

SUPERINTENDENT OF THE NEW YORK STATE POLICE,

RODNEY K. HARRISON, IN HIS OFFICIAL CAPACITY

AS COMMISSIONER OF THE SUFFOLK COUNTY POLICE

DEPARTMENT,

Defendants.

_____X (Cont'g.)

DEPOSITION OF: THOMAS J. STIRNWEIS

DATE:          October 22, 2025

TIME:          10:12 a.m. to 5:09 p.m.

VENUE:         MS Teams




Reported by Becky Foster

800-523-7887                              ARII@courtsteno.com

Serving all of New York State

Associated Reporters Int'l., Inc.                      www.courtsteno.com

Page 2

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

(Cont'g.)

AND LICENSING OFFICER FOR SUFFOLK

COUNTY, AND PATRICK J. RYDER, IN HIS OFFICAL

CAPACITY AS COMMISSIONER OF THE NASSAU COUNTY

POLICE DEPARTMENT, AND LICENSING OFFICER FOR

NASSAU COUNTY,

        Defendants.

_____X

Associated Reporters Int'l., Inc.                        www.courtsteno.com

Page 3

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

APPEARANCES:

   FOR THE PLAINTIFF:

         BRADLEY, ARANT, BOULT & CUMMINGS, LLP

         BY:  JAMES W. PORTER III, ESQ.

         One Federal Place 1819 5th Avenue North

         Birmingham, Alabama 35203

   FOR THE DEFENDANT:

         OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL

         BY:  JAMES THOMPSON, A.A.G.

              MOLLY THOMAS JENSEN, A.A.G

         28 Liberty Street, 18th Floor

         New York, New York 10005

   FOR THE SUFFOLF COUNTY

         SUFFOLK COUNTY ATTORNEY'S OFFICE

         BY:  ARLENE ZWILLING, ESQ.

         100 Veterans Memorial Parkway

         Hauppauge, New York 11788

   ALSO PRESENT:

         SAMIRA SARAN, AG INTERN

800-523-7887                              ARII@courtsteno.com
                  Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 4

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

          I N D E X   O F   P R O C E E D I N G S

THOMAS J. STIRNWEIS; Sworn

Direct Examination by Mr. Thompson                    14

Cross Examination by Ms. Zwilling                    251

          R E Q U E S T   L I S T

. Copies of notes witness is taking during the       18

  deposition

. Copies of the emails from Lieutenant               85

. Copies of handouts on Sensitive Places that        108

  witness received

800-523-7887                              ARII@courtsteno.com
                    Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 5

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

E X H I B I T   I N D E X

Marked as

Described as

One                                                      30

NYSRPA v James – Response to 1st ROGs to T. Stirnweis

Two                                                      34

Stirnweis Suffolk County License

Three                                                    56

Stirnweis Utah License

Four                                                     62

2017 Full Questionnaire

Five                                                     76

2018 License Application and Fingerprint Card

Six                                                      81

License Notice of Approval

Seven                                                    82

2022 License Amendment Application

Eight                                                    84

2022 Note Re:  Already Have License

Nine                                                     89

Training Certificate and Receipt

Ten                                                      113

Stirnweis License Renewal

800-523-7887                              ARII@courtsteno.com
Serving all of New York State

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

Eleven                                                    139

102-7 Stirnweis MSJ Declaration

Twelve                                                    165

NYSRPA v James - Responses to First RFPs

Thirteen                                                  215

Email from NYSRPA "Looking for Plaintiffs - Long

Island Gun Club"

Fourteen                                                  218

NYSRPA Post

Fifteen                                                   224

ATF Flip Flop Rulings – Long Island Gun Club Post

Sixteen                                                   234

SCOTUS Agrees to hear challenge to Hawaii's Sensitive

Place Law – Long Island Gun Club

Seventeen                                                 246

8 weeks – Concealed Carry Upgrade – Long Island

Gun Club

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 7

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

STIPULATIONS

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto that:

All rights provided by the Civil Practice Law and Rules, including the right to object to any question, except as to form, or to move to strike any testimony at this examination is reserved. And, in addition, the failure to object to any question or to move to strike testimony at this examination shall not be a bar or waiver to make such motion at, and is reserved for the trial of this action;

IT IS FURTHER STIPULATED AND AGREED by and between counsel for the respective parties hereto, that this examination may be sworn to by the witness being examined before a Notary Public, other than the Notary Public before whom this examination was begun, but the failure to do so, or to return the original of this examination to counsel, shall not be deemed a waiver of the rights provided by Rule 3116 and 3117 of the Civil Practice Law and Rules, and shall be controlled thereby;

IT IS FURTHER STIPULATED AND AGREED by

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 8

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

and between counsel for the respective parties

hereto, that this examination may be utilized for all

purposes as provided by the Civil Practice Law and

Rules;

IT IS FURTHER STIPULATED AND AGREED by

and between counsel for the respective parties

hereto, that the filing and certification of the

original of this examination shall be, and the same

hereby are waived;

IT IS FURTHER STIPULATED AND AGREED by

and between counsel for the respective parties

hereto, that a copy of the within examination shall

be furnished to counsel representing the witness

testifying without charge;

IT IS FURTHER STIPULATED AND AGREED by

and between counsel for the respective parties

hereto, that all rights provided by the Civil

Practice Law and Rules, and Part 221 of the Uniform

Rules for the Conduct of Depositions, including the

right to object to any question, except as to form,

or to move to strike any testimony at this

examination, is reserved.  And, in addition, the

failure to object to any question, or to move to

strike any testimony, at this examination, shall not

800-523-7887                              ARII@courtsteno.com

Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 9

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

be a bar or waiver to make such motion at, and is reserved to, the trial of this action.

IT IS HEREBY STIPULATED AND AGREED by and between counsel for all parties present that pursuant to CPLR section 3113(d) this deposition is to be conducted by video conference, that the court reporter, all counsel, and the witness are all in separate remote locations (except the witness and his counsel are in the same physical location) and participating via videoconference meeting under the control of Associated Reporters International, Inc. (ARII), that the officer administering the oath to the witness need not be in the place of the deposition and the witness shall be sworn in remotely by the court reporter after confirming the witness's identity, that this videoconference will not be recorded in any manner and that any recording without the express written consent of all parties shall be considered unauthorized, in violation of law, and shall not be used for any purpose in this litigation or otherwise.

IT IS FURTHER STIPULATED that exhibits may be marked by the attorney presenting the exhibit to the witness, and that a copy of any exhibit

800-523-7887                              ARII@courtsteno.com
Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

presented to a witness shall be e-mailed to or otherwise in possession of all counsel prior to any questioning of a witness regarding the exhibit in question.  Unless otherwise agreed upon, all parties shall bear their own costs in the conduct of this deposition by video conference, notwithstanding the obligation by CPLR to supply a copy of the transcript to the deposed party by the taking party in civil litigation matters.

CPLR § 3113 Conduct of Examination (d) states:

(d) The parties may stipulate that a deposition be taken by telephone or other remote electronic means and that a party may participate electronically. The stipulation shall designate reasonable provisions to ensure that an accurate record of the deposition is generated, shall specify, if appropriate, reasonable provisions for the use of exhibits at the deposition; shall specify who must and who may physically be present at the deposition; and shall provide for any other provisions appropriate under the circumstances. Unless otherwise stipulated to by the parties, the officer administering the oath shall be physically present at

800-523-7887                                ARII@courtsteno.com
Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 11

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

the place of the deposition and the additional costs of conducting the deposition by telephonic or other remote electronic means, such as telephone charges, shall be borne by the party requesting that the deposition be conducted by such means.

800-523-7887                              ARII@courtsteno.com

Serving all of New York State

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 12

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

(The deposition commenced at 10:12 a.m.)

COURT REPORTER: Okay. Good morning, Mr. Stirnweis.

MR. STIRNWEIS: Good morning.

COURT REPORTER: Could you please --

MR. STIRNWEIS: It's Stirnweis.

COURT REPORTER: Oh, Stirnweis. I apologize.

MR. STIRNWEIS: No problem. It gets garbled all the time.

COURT REPORTER: Could you please raise your right hand, sir? Do you swear or affirm that the testimony you're about to give in this cause will be the truth, the whole truth, and nothing but the truth?

MR. STIRNWEIS: Yes, I do.

WITNESS; THOMAS STIRNWEIS; Sworn.

COURT REPORTER: All right. Thank you. You can lower your hand. Would you please state and spell your name for the record?

THE WITNESS: Thomas Stirnweis, S-T-I-R-N-W-E-I-S.

COURT REPORTER: Okay. Thank you.

Associated Reporters Int'l., Inc.                    www.courtsteno.com

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

in any of these restaurants?

A.    Yes, currently, yes.

Q.    And so, do other people, right?

A.    Yes.

Q.    You write, I would carry a firearm at the bars and restaurants I visit while remaining responsible, law-abiding, and sober if not for the C.C.I.A.'s carry restrictions.  Can you explain to me what do you mean by that?

A.    As I go about my normal everyday life, again, I don't want the burden of disarming and arming going through normal everyday activities, including, having lunch someplace at a pizza place or -- or an Italian restaurant or -- or similar type places.

Q.    So, is it your testimony that if you could carry a gun into these places, you would never drink when you have a gun?

A.    Yes.

Q.    Do you think everyone else who had a gun would be as responsible as you?

MR. PORTER:  Object to the form of the question.  You can answer.

A.    Absolute questions always have to

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 200

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

Q. Can you explain that in a little bit more detail in terms of what not a good idea means and -- and the costs and the benefits?

A. So, again, we're having the tail wag the dog, because a small fraction of people will break the law you're inhibiting the vast majority of people, gun owners, who have a -- a more law-abiding history than most people from carrying responsibly.

But yet permitting in the same places for the fear of others retired law enforcement and other people.

Q. The restaurants that are listed in paragraph nine F, Gino's in Kings Park, RedCafe, Faraday's, Mannino's, Chop Shop Bar and Grill and the Old Street Restaurant & Bar. Do you know if they prohibited guns prior to the C.C.I.A.?

A. I do not know.

Q. Do you know if they still prohibit guns?

A. I do not know.

Q. Have you ever asked?

A. No.

Q. It's their right to prohibit guns in their establishment if they want, correct?

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 201

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

A.    Undecided on that one.

Q.    Can you explain --

A.    Sure.

Q.    -- what you mean?

A.    I have a second amendment right to defend myself.  They have a different right about their property usage.  I'm not sure which right trumps which right.

Q.    So, let me ask the question another way.  Do you think that the second amendment gives you the right to carry a gun onto other people's property without their consent?

A.    Yes.

Q.    Let me ask a slightly different first that question.  Do you think the second amendment gives a right to carry a gun into other people's homes without their consent?

A.    Yes, administered the way trespass laws are administered.

Q.    Explain to me what you mean by that last clause, administered the way trespass laws are administered.

A.    The way I understand it is you're not trespassing until basically you're told you're

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 202

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

trespassing, until you're given notice.

Q.   So, --

A.   There's a leniency before given notice.

Q.   So, if a property owner tells you he doesn't want you to bring a gun onto his property, then he can exclude you.  Is that -- is that your position?

A.   Yes, going back to, I'm not sure which trump -- which right trumps which right.

Q.   So, is that -- is that a yes or no, I'm sorry, I didn't quite understand the answer.

A.   More likely but I'm still undecided about which right trumps which right.

Q.   Does the homeowner have a right to know if you're carrying a gun onto his property?

A.   Maybe.

Q.   Can I get a yes or no answer to that?

A.   No.

Q.   Is the answer no or you're not going to give me a yes or no answer to that question?

A.   I'm not going to give you a yes or no answer because these things take judgment,

Associated Reporters Int'l., Inc.                    www.courtsteno.com

Page 273

NYS Rifle v Steven James – 10-22-25 – Thomas Stirnweis

I, BECKY FOSTER, do hereby certify that the foregoing testimony of THOMAS J. STIRNWEIS was taken by me, in the cause, at the time and place, and in the presence of counsel, as stated in the caption hereto, at Page 1 hereof; that before giving testimony said witness was duly sworn to testify the truth, the whole truth and nothing but the truth; that the foregoing typewritten transcription, consisting of pages number 1 to 271, inclusive, is a true record prepared by Associated Reporters Int'l., Inc. from materials provided by me.

BECKY FOSTER, Reporter